alleged act of discrimination, is evidence of the progression of an illness or injury after the alleged act of discrimination probative of whether that disability was in fact "chronic" when the alleged act of discrimination occurred?

*Caruso,* 392 F.3d at 72.

On April 1, 2005, the parties signed a stipulation, which was approved by the court, thereby settling the case. Accordingly, we instruct the Clerk of Court to request the Connecticut Supreme Court to withdraw the questions certified.

**Frank A. CARUSO, Petitioner–Appellant,**

v.

**SIEMENS BUSINESS COMMUNI-CATIONS SYSTEMS, INC., Defendant–Appellee.**

**Docket No. 04–1478–CV.**

United States Court of Appeals, Second Circuit.

Argued: Nov. 23, 2004.

Decided: Aug. 4, 2005.

Jonathan L. Gould Esq., Law Office of Jonathan L. Gould, Hartford, CT, for Petitioner–Appellant.

Alan D. Berkowitz Esq., Dechert, LLP, Philadelphia, PA, for Defendant–Appellee.

Before: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

PER CURIAM.

In *Caruso v. Siemens,* 392 F.3d 66 (2d Cir.2004), issued on December 9, 2004, we certified to the Connecticut Supreme Court the following questions:

(a) What is the correct interpretation of "chronic" disabilities under CFEPA?

(b) At what point, in relation to the act of discrimination complained of, must a disability qualify as "chronic" to support recovery under CFEPA?

(c) If CFEPA applies only to disabilities that are "chronic" at the time of the